Argued September 10, 1976, affirmed January 13, 1977

CHADA et al, *Respondents,*
*v.*
TAPP, *Appellant.*
(No. 74-2122, SC 24349)
558 P2d 1225

Robert J. McCrea, Eugene, argued the cause for appellant. On the brief was Kenneth A. Morrow, of Morrow & McCrea, P.C., Eugene.

Stephen A. Hutchinson, of Hutchinson, Harrell, Cox & Teising, Eugene, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Tongue, Bryson* and Lent, Justices.

DENECKE, C. J.

*Bryson, J., did not participate in the decision of this case.

## DENECKE, C. J.

Plaintiffs brought this action to recover from the defendant, James Tapp, for breach of defendant's obligation "to act as surety" for plaintiffs.

Plaintiffs, Chada and Theophanes, and Barry Tapp were partners. The defendant, James Tapp, is the father of Barry. Plaintiffs and Barry entered into a contract of dissolution of the partnership. The contract provided:

> "BARRY JAMES TAPP shall be responsible for and shall hold ORLANDO W. CHADA and DAVE THEOPHANES harmless from all debts and liabilities of said partnership accruing on or before April 30, 1973. James C. Tapp [the defendant] hereby agrees by the affixing of his signature to this document to act as surety for ORLANDO W. CHADA and DAVE THEOPHANES in the event that BARRY JAMES TAPP fails to hold ORLANDO W. CHADA and DAVE THEOPHANES harmless from any debts or liabilities of the partnership accruing on or before April 30, 1973; * * *."

Barry did not pay all the partnership debts. Claims were made against plaintiffs who then brought this action against the defendant. At trial the plaintiffs introduced evidence that persons had obtained judgments against plaintiffs and Barry Tapp, the State Department of Revenue had issued warrants and writs of execution against plaintiffs, and plaintiffs had incurred attorney fees in defending against these claims and in prosecuting this action. Plaintiffs introduced no evidence that they had made any payments on these obligations. The trial court gave plaintiffs judgment for $2,923, plus $1,250 attorney fees. Defendant appeals. Defendant contends the trial court erred in entering judgment for plaintiffs because plaintiffs had not paid the creditors and, therefore, they have no cause of action in law.

The parties on appeal have treated plaintiffs as sureties and the defendant as the principal or obligor. On this assumption the parties have stated the issue to

be whether a surety can maintain an action for damages against its principal before the surety has been required to pay the creditors of the principal. Initially, we were also of the opinion that this was the issue; however, we have now concluded that is not the relationship of the parties nor the issue.

Section 82 of the Restatement of Security defines the parties to the surety relationship as follows:

"*b. Surety.* The surety is the person who is bound on an obligation from which another, by the discharge of a duty, should relieve him.

"*c. Principal.* The principal is the person who, in the solution of the rights and duties of the parties, should bear the ultimate burden unless excused for some reason personal to himself.

"*d. Creditor.* The creditor is the person to whom the surety is bound and to whom the principal is under an obligation or other duty. The term 'creditor' includes one entitled to obtain satisfaction for a tort as well as the obligee of a contract." Restatement, supra, at 229, *Comment b., c., d.*

Simpson, Suretyship, pp 6-13 (1950), defines the parties as follows:

"4. A surety, in the broad sense, is one who is liable for the debt or obligation of another, whether primarily or secondarily, conditionally or unconditionally. * * *." p. 6.

"8. The principal is the person for whose debt or default the surety is liable." p 13.

"9. The obligee is the creditor or employer to whom both the principal and surety owe their duties." p 13.

Identifying the parties in a common construction situation may clarify the relationship of these parties. A builder contracts with a landowner to construct a building on landowner's property. The builder promises the landowner to pay all laborers and materialmen on the job and hold the owner harmless from any claims by such persons. If such persons are not paid, they can file a lien on landowner's property. The landowner is uncertain of the builder's financial

responsiblity; therefore, the landowner requires builder to secure another person to also be obligated for the builder's obligations. The other person promises landowner that he will pay all laborers and materialmen. Between the other person and the builder, the builder is ultimately responsible to the other person for any loss he might suffer.

Using the definitions above quoted, the builder is the principal because he has the ultimate burden of paying. The other person is the surety because he is liable for the debt of another, the builder, and the builder has a duty to reimburse him. The landowner is the obligee or creditor because both the surety and the principal owe the landowner a duty to keep him from suffering any loss because of claims of laborers or materialmen.

Applying that same analysis to the present case, the principal is Barry Tapp. He has the ultimate burden of paying the partnership debts and if any of the other parties are required to pay, he has the duty of reimbursing them. The surety is the defendant, James Tapp, because he is liable for the debts of another, Barry, and Barry has a duty to reimburse him if James has to pay. Plaintiffs are the obligees or creditors because both the principal, Barry, and the surety, the defendant, owe them the duty of paying the partnership debts.

With this relationship the question becomes: Is the surety, the defendant, liable to the obligees, the plaintiffs, before plaintiffs have paid the partnership debts?

Simpson states:

"It scarcely needs to be stated that the creditor has the ordinary remedies against the principal debtor. He may sue as soon as performance is due, and collect whatever judgment is rendered in his favor by the ordinary means. He may also realize upon any security held from the principal. It is equally elementary that the creditor may bring suit against the surety as soon as his

promise is broken, collect whatever judgment is rendered in his favor, and utilize any security held from the surety." Simpson, Suretyship, supra, at 254.

In *Zagar v. Columbia Casualty Co.,* 181 Wash 487, 492, 43 P2d 949, 951 (1935), the obligees of a surety bond were unpaid creditors of a produce house. The court stated:

"It is a well recognized principle of law that a principal having several successive bonds covering different periods, upon committing a default, renders liable that bond in force when the default is committed. 50 C.J. 88, § 142; 22 R.C.L. 513, § 199. The obligation to pay [the creditor] arises when the principal commits a breach of duty. In cases of defaults by an official, the bonds covering the period during which the default occurred is liable. * * *."

*Brock v. Western Nat. Indem. Co.,* 132 Cal App2d 10, 16, 281 P2d 571, 575 (1955), amplifies this same rule:

"The general rule is that the liability of a surety accrues at the same time as that of the principal. And a cause of action upon a bond conditioned to do a certain act accrues as soon as there is a default in performance. (23 Cal. Jur. 1049, § 42.) The default in performance occurred here when there was a failure to pay 30 days after delivery. The creditor's cause of action arose then, for he could have sued the processor at any time thereafter, and he could not indefinitely extend the statute of limitations from running by a failure to make a demand. * * *."

The plaintiffs' cause of action against the defendant accrued when Barry defaulted on his promise to pay the partnership's creditors when those obligations were due. Plaintiffs did not have to make payment in order to have a cause of action.

The defendant also contends the trial court erred in entering judgment without directing that such sums be paid to creditors. This contention was based upon the mistaken belief that the defendant was the principal and the plaintiffs were the sureties and the relief was in the nature of the equitable remedy of exonera-

tion. As we just stated, when the principal defaults, the surety at once owes a duty to pay the obligee. Normally, the proceeds collected will be used to pay off the obligation owed by the obligee. However, the surety must perform regardless of what happens to the proceeds. In this case there is no chance the defendant may be subject to having to pay twice. The creditors of the partnership have no right against the defendant.

■ The defendant also contends the trial court erred in entering judgment because the defendant only agreed to be surety for partnership obligations accruing before April 30, 1973, and there was no evidence that the obligations accrued before that date. It appears that the evidence does not show that claims have been made for partnership obligations incurred prior to April 30, 1973, in the amount of the judgment, $2,923.71. However, that is not fatal to plaintiffs.

The judgment is for an unsegregated amount of $2,923.71. The plaintiffs sought damages for claims and judgments made against them and also for consequential damages incurred because defendant had failed to pay judgments against plaintiff for partnership obligations incurred prior to April 30, 1973. There was evidence supporting the claim for consequential damages in an amount, which together with claims for obligations incurred prior to April 30, 1973, would at least equal $2,923.71.

At trial the defendant raised other objections to the claim for consequential damages but these objections are not made on appeal.

For these reasons, we hold that the trial court did not err in entering judgment in amount of $2,923.71.

Affirmed.